# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 1402003900 |
| | ) | |
| ANDREW LEANING, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 29, 2016
Decided: October 12, 2016

**Upon Defendant's Motion for Post-Conviction Relief: DENIED**

This 12th day of October, 2016, upon consideration of Defendant's Motion for Post-Conviction Relief (the "Motion") under Superior Court Criminal Rule 61 ("Rule 61") and the record in this case, it appears to the Court that:

## FACTUAL AND PROCEDURAL BACKGROUND

1.     Andrew Leaning caused a three-car accident on February 6, 2014 when he ran a red light and collided with two cars. At the scene, Leaning acted erratically, had glassy eyes, smelled faintly of alcohol, was observed discarding a hypodermic needle as he existed the car, and admitted at the hospital to smoking crack cocaine that day. After a blood draw revealed Leaning was under the influence, he was arrested and charged with one count of Vehicular Assault First Degree, two counts of Vehicular Assault Second Degree, one count of Driving Under the Influence ("DUI"), one count of Driving without Proof of Insurance, and one count of Inattentive Driving.

2. Leaning was represented throughout pretrial proceedings by Brian Chapman, Esquire ("Trial Counsel"). On the morning of trial, Leaning pleaded guilty to one count of Vehicular Assault First Degree, one count of Vehicular Assault Second Degree, and one count of DUI.[1] A pre-sentence investigation was ordered and completed for Leaning. Leaning was scheduled to be sentenced on July 10, 2015, but that sentencing date was continued because Leaning recently had relapsed into using drugs after his release from an inpatient treatment facility.[2] Leaning ultimately was sentenced, effective July 10, 2015, as follows: (1) as to Vehicular Assault First Degree, three years at Level V, suspended after successful completion of inpatient drug treatment for two years at Level IV Crest, suspended after successful completion of Crest for one year at Level III Crest Aftercare, (2) as to Vehicular Assault Second Degree, one year at Level V, suspended for one year at Level III, and (3) as to DUI, 60 days at Level V.[3]

3. Leaning did not file a direct appeal of his conviction or sentence. He has filed three motions for correction of sentence under Superior Court Criminal Rule 35, all of which have been denied by this Court. In the order denying his third Rule 35 motion, this Court ordered that no further requests for relief filed by

---

[1] D.I. 25.

[2] *See* D.I. 51, Trial Counsel Aff. at 3-4.

[3] D.I. 36. Because the DUI was Leaning's second conviction for that offense, the 60-day period at Level V was the minimum mandatory sentence for that charge.

Leaning would be accepted without Leaning first obtaining a Superior Court judge's permission.[4]

4.  On April 28, 2016, before that order was issued, Leaning filed this Motion.[5] In the Motion, Leaning advances a single claim that he contends entitles him to post-conviction relief: that Trial Counsel provided ineffective assistance by failing "to present mitigating evidence at sentencing in violation of [Leaning's] Sixth Amendment [rights]."[6] Both Trial Counsel and the State responded to Leaning's Motion.[7]

## ANALYSIS

### A. Procedural bars to Leaning's claims

5.  Before addressing the merits of any claim for post-conviction relief, this Court first must determine whether the motion procedurally is barred under Rule 61.[8] A motion for post-conviction relief may be barred for timeliness and repetition, among other things. A motion filed under Rule 61 is untimely if it is filed more than one year after a final judgment of conviction.[9] A defendant also is

---

[4] D.I. 46.
[5] D.I. 43.
[6] D.I. 45, Mem. of Law in Supp. of R. 61 Mot. at 3.
[7] D.I. 51, 53.
[8] *See Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[9] Super. Ct. Crim. R. 61(i)(1).

3

barred from filing successive motions for post-conviction relief.[10] The rule further prohibits motions based on any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, unless the movant demonstrates "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[11] Finally, the Rule bars consideration of any ground for relief that previously was adjudicated in the case.[12]

6.      Notwithstanding the aforementioned procedural bars, this Court may consider a motion that otherwise is barred if the motion is based on claims that the Court lacked jurisdiction or the motion satisfies the pleading requirements set forth in Rule 61(d)(2).[13] Rule 61(d)(2) requires that the movant plead with particularity that (i) new evidence exists that creates a strong inference that the movant actually is innocent in fact of the acts underlying the charges of which he was convicted, or (ii) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

7.      Leaning's Motion was filed less than a year after his sentence became final, and it therefore is timely. The Motion alleges ineffective assistance of

---

[10] *Id.* 61(i)(2); *see id.* 61(d)(2)(i)-(ii) (regarding the pleading requirements for successive motions).

[11] *Id.* 61(i)(3).

[12] *Id.* 61(i)(4).

[13] *Id.* 61(i)(5).

counsel, which could not be raised at any earlier stage in the proceedings.[14] The Court therefore will consider the merits of Leaning's claims.

**B. Leaning's claim of ineffective assistance of counsel**

8. A defendant claiming ineffective assistance of counsel must demonstrate both that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. When addressing the prejudice prong of the ineffective assistance of counsel test in the context of a sentencing hearing, an inmate must show that "there is a reasonable probability that, but for the counsel's error, the result of [his] sentencing would have been different."[15] Leaning cannot demonstrate either element of the ineffective assistance standard.

9. Leaning argues Trial Counsel was ineffective in his failure to present mitigating evidence at sentencing. Leaning contends "the trial court did not order a [p]resentence [i]nvestigation" and "no mitigating evidence was presented by [T]rial [C]ounsel at the sentencing hearing," despite "abundan[t]" evidence being available to Trial Counsel.[16] The record reflects Leaning was not, as he contends,

---

[14] *Whittle v. State*, 138 A.3d 1149 (Del 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).
[15] *Brawley v. State*, 1992 WL 353838, at *1 (Del. Oct. 7, 1992); *State v. Torres*, 2015 WL 5969686, at *11 (Del. Super. Ct. Oct. 2, 2015).

[16] D.I. 43 at ¶¶ 7, 8.

5

sentenced on the same day he pleaded guilty. Rather, a pre-sentence investigation was obtained and available to the Court. The Court's sentencing order reflects its consideration of mitigating factors, including that Leaning's treatment needs exceeded his need for punishment.[17] Finally, Trial Counsel's affidavit indicates he "advised the Court" at sentencing" regarding Leaning's "remorse for his actions, his initiative in entering Gaudenzia for in-patient treatment[,] as well as his significant physical and mental health issues."[18] Thus, Leaning has not shown Trial Counsel's representation fell below an objective standard of reasonableness.

10. Moreover, this Court has considered three applications filed by Leaning to modify his sentence, through which the Court had ample opportunity to reconsider its sentence and any mitigating factors Leaning believed the Court or Trial Counsel may have overlooked. Leaning therefore cannot demonstrate that, but for Trial Counsel's alleged error, his sentence would have been different.

For the foregoing reason, Andrew K. Leaning's Motion for Post-Conviction Relief is **DENIED. IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Barzilai K. Axelrod, Deputy Attorney General
       Brian J. Chapman, Esquire
       Andrew K. Leaning (SBI No. 00154197)

---

[17] D.I. 36.
[18] D.I. 51 at 4.

6